UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HILDA CRESPO DE MOLINA | ) | Case No. 09-14158-SSM |
| | ) | Chapter 7 |
| | ) | |
| Debtor | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of W. Clarkson McDow, Jr., United States Trustee, Region

Four ("U.S. Trustee") to examine the debtor's transactions with her attorney, Thomas Sehler of

The Thomas Law Firm PLLC, and to require Mr. Sehler to disgorge $2,000 in fees paid to him

by the debtor.  A hearing was held on October 13, 2009, at which Mr. Sehler was present in

person and the United States Trustee was present by counsel.

Background

Mr. Sehler is a licensed attorney who prepared, and on May 26, 2009, filed, a voluntary

petition under chapter 7 of the Bankruptcy Code for the debtor, Hilda Crespo de Molina.  The

debtor had not taken the prepetition credit counseling required by § 109(h) of the Bankruptcy

Code, and the certification of exigent circumstances prepared by Mr. Sehler stated only "work

schedule made counseling impossible but client is coming to office this week to take the

counseling course."  For reasons that are unclear, the clerk's office did not flag the certification

for court review to determine whether it was satisfactory, but in any event, to this very day no

certificate from an approved credit counseling agency has been filed showing that the debtor

ever received the required counseling.

1

Certain of the required schedules, statements, and lists were filed with the petition, with

the remainder being filed on June 9, 2009.  The schedule of real property (Schedule A) lists the

residence of the debtor and her husband at 7421 Paxton Road, Falls Church, Virginia, as having

a value of $300,000, subject to liens totaling $525,000.  The schedule of secured debts (Schedule

D), however, lists two mortgages—each described as "contingent" and "unliquidated"—totaling

$560,000 against the property.  Among other assets, the schedule of personal property (Schedule

B) lists two bank accounts in the debtor's name totaling $30,000, one joint account holding

$4,000, and an automobile worth $15,000.  Schedule D reflects no secured debt against the

automobile, but a debt of $18,100—described as "contingent", "disputed", and "subject to

setoff"—to an automobile finance company is listed on the schedule of <u>unsecured</u> debts

(Schedule F), which otherwise lists only $7,950 in unsecured claims.  The statement of intent

concerning debts secured by property of the estate (Form 8) fails to state any intention with

respect even to the mortgages, let alone the automobile; indeed it is not actually filled out except

to list the debtor's name at the top and show her typographic signature and the date at the

bottom.  The schedule of monthly income (Schedule I) fails to report the debtor's husband's

income even though the instructions on the form require that the spouse's income be reported

unless the spouses are separated.  The husband's income is, however, reported on the statement

of current monthly income and means-test calculation (Form B22A).

The disclosure of compensation of debtor's attorney states that the debtor paid Mr. Sehler

$2,000 for filing the petition.  In addition to the routine legal services for a bankruptcy case—

"Analysis of the debtor's financial situation, and rendering advice to the debtor in determining

whether to file a petition in bankruptcy"; "Preparation and filing of any petition, schedules,

statement of affairs and plan which may be required"; and "Representation of the debtor at the

meeting of creditors and confirmation hearing, and any adjourned hearings thereof"— Mr.

Sehler agreed that the fee would also cover "Negotiating with secured creditors to reduce to

market value; exemption planning, preparation and filing of reaffirmation agreements and

applications as needed, [and] filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of

liens on household goods."

The meeting of creditors was held on July 2, 2009, but was continued to July 15, 2009,

assertedly because the chapter 7 trustee was not satisfied with the correctness of the debtor's

schedules. It was continued again—this time at the request of the debtor's attorney—to August

12, 2009.  At that meeting, which the debtor did not attend, Mr. Sehler indicated that the debtor

wanted to dismiss the case.  No motion for a voluntary dismissal has ever been filed, however,

and the court can only surmise that the debtor anticipates that the case will at some point be

dismissed either by the court, perhaps based on the failure to complete the required credit

counseling, or on motion brought by the U.S. Trustee.  Motions for relief from the automatic stay

have been filed by both the first and second deed of trust holders and were granted without

opposition.

On September 1, 2009, the United States Trustee filed a motion under § 329(b) of the

Bankruptcy Code to examine the fees paid to the debtor's attorney.[1]  At the hearing on the

motion, Mr. Sehler explained the client came to him for a loan modification, and that the

bankruptcy petition was filed because of an imminent foreclosure and because several creditors

---

[1]  The U.S. Trustee has also filed, and the court has granted, a motion for examination of the debtor under Rule 2004 and a motion to extend the time for filing an objection to the debtor's discharge or a motion to dismiss for abuse.

3

were harassing the debtor.  He also stated that in looking more deeply at her case, he realized

that bankruptcy may not have been the best thing to do, and that in the meantime he has been

working with the secured and some unsecured creditors to do a workout of the obligations.

Although he did not file a formal response to the U.S. Trustee's motion, he stated at the hearing

that he had been applying the fee he received from the debtor to loan modification services.  He

did not, however, provide any time records to substantiate the services provided or the time spent

in providing them.  He also stated that he had not undertaken to correct the inconsistencies and

omissions pointed out by the U.S. Trustee with respect to the schedules and statements because

by that point his intention was to let the case be dismissed.[2]

## Discussion

Although counsel for a chapter 7 debtor is not required to seek court approval of his or

her fees, such fees are nevertheless subject to court review for excessiveness, either on motion of

a party in interest, or on the court's own initiative.  § 329(b), Bankruptcy Code; Fed.R.Bankr.P.

2017(a).  Upon such review, the court may order the return of any payments that "exceed the

reasonable value of any . . .  services." § 329(b), Bankruptcy Code.  The debtor's attorney has

the burden of proving that the legal services provided were of reasonably equivalent value to the

fees paid.  *In re Sogunro*, 2008 WL 2165136 *2 (Bankr. M.D. Md. May 20, 2008) (holding that

debtors' attorneys have the burden of proof under § 329) (*citing Hensley v. Eckerhart*, 461 U.S.

424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (holding that fee applicants have the burden of

proof under the Civil Rights Attorney's Fees Awards Act)).  Where the petition and schedules

---

[2] The U.S. Trustee has apparently put off filing a motion to dismiss until the trustee has
determined whether—in view of the three bank accounts totaling $34,000 listed on the debtor's
schedules—there are assets to be administered for the benefit of creditors.

filed on behalf of the debtor contain discrepancies, omissions, and inaccuracies, fee

disgorgement is appropriate under § 329. *In re Nickerson*, 2009 WL 1587160 (Bankr. N.D.

Ohio, April 16, 2009). In *Nickerson*, the court ordered one-half the fees disgorged and returned

to the debtor where the petition and other pleadings contained omissions and inaccuracies, but

the debtor ultimately received a discharge. *Id.* at *1. As in *Nickerson*, the schedules and

statements here contain omissions and inaccuracies. However, Ms. Molina, unlike the debtor in

Nickerson, will not likely receive the benefit of a discharge, which is, after all, the normal goal

of a chapter 7 filing. Although Mr. Sehler stated that the purpose of the filing was to prevent

imminent foreclosure of the debtor's residence,[3] he failed to present evidence demonstrating that

Ms. Molina received any value from the filing of the petition. Based on the incomplete and

error-filled schedules filed by Mr. Sehler—which he has made no effort to correct, because he

anticipates the case will be dismissed—the court can only find that the bankruptcy filing for

which he was paid $2,000 by the debtor provided her no value. Additionally, no evidence has

been produced to show the value of any loan modification services Mr. Sehler may have

provided. Accordingly, disgorgement of the entire fee is appropriate.

---

[3] The court notes that the certification of exigent circumstances filed by Mr. Sehler raises
more questions than it answers. In order to obtain a 30-day deferment of the prepetition credit
counseling requirement, there must not only exist exigent circumstances such that a delay in
filing would render bankruptcy relief ineffective, but the debtor must have requested credit
counseling from an approved agency, and the agency must not have been able to provide the
services within five days of the request. § 109(h)(3)(A), Bankruptcy Code; *In re Wright*, 412
B.R. 767 (Bankr. E.D. Va. 2008). The description in the certificate of the exigent circumstances
that "work schedule made counseling impossible" not only suggests that it was the debtor's
unavailability, not the agency's, which prevented the debtor from obtaining counseling within
five days of a request for services but also casts serious doubt on whether the debtor actually
made a request that the agency could not respond to within five days.

O R D E R

For the foregoing reasons, it is

**ORDERED:**

1.  The motion of the United States Trustee to examine debtor's transactions with

attorney and determine the reasonableness of fees paid is granted.

2.  The debtor's attorney shall repay the debtor the total amount of fees paid, $2,000,

within twenty-one (21) days of entry of this order and file with the court and serve on the debtor

and the United States Trustee a certification confirming the repayment.

3.  The clerk will mail a copy of this order, or give electronic notice of its entry, to the

parties listed below.


Date: _____          _____
                                     Stephen S. Mitchell
Alexandria, Virginia                 United States Bankruptcy Judge

Copies to:

Thomas Sehler, Esquire
The Thomas Law Firm PLLC
The Mark Building
Suite 506
6231 Leesburg Pike
Falls Church, VA 22044
Debtor's counsel

Hilda Crespo de Molina
7421 Paxton Rd
Falls Church, VA 22043
Debtor

Jack Frankel, Esquire
Office of the U.S. Trustee
115 South Union Street, Ste. 210
Alexandria, VA 22314